C. N. PAINE & CO., PLAINTIFFS IN ERROR, v. PLINY M. PUTNAM ET AL., DEFENDANTS IN ERROR.

Stay of Execution and Order of Sale: MECHANICS' LIEN. On a judgment foreclosing a mechanics' lien and for sale of the building and premises, the defendant is not entitled to a stay of execution and order of sale on mere request, without filing a bond with security.

ERROR to the district court of Fillmore county. Heard below before WEAVER, J.

*Kaley Brothers*, for plaintiffs in error, cited *Gregory v. Cameron*, 7 Neb., 414. Laws 1875, 49. *Peters v. Dunnells*, 5 Neb., 570. *Erie City Bank v. Compton*, 27 Penn. State, 195.

*W. V. Fifield*, for defendants in error.

COBB, J.

There was a judgment in the district court in favor of the plaintiffs in error on an account for lumber and other building material furnished by the plaintiffs to the principal defendants, and used in the erection of a hotel, and for the foreclosure of the lien of plaintiffs therefor upon the said building, etc. Within the time limited by law for staying execution on judgments the defendants filed their request for stay, as in case of judgment of foreclosure of mortgages, which request was allowed by the clerk, and a stay duly entered. At the next term of court, after entering a precipe for execution and order of sale, which was refused by the clerk, the plaintiffs filed their motion in court for an order vacating the said stay, which was by the court overruled, and the plaintiffs bring the same to this court on error.

Section 2 of the act to provide for stay of executions and orders of sale, found on page 49 of the acts of 1875, provides that "the order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of such decree whenever the defendant shall, within twenty days after the rendition of such decree, file with the clerk of the court a written request for the same."

The language of this provision, it will readily be seen, confines its application to decrees for the foreclosure *of mortgages*, and does not apply to mechanics' lien cases. In all other cases of stay provided for by the statute the defendant is required to procure within twenty days from the rendition of judgment, two or more sufficient freehold sureties to enter into bond, etc.

Without inquiring whether the defendant's case is

within any provision of the statute, it is sufficient to say that it certainly is not within the second section, and they were not entitled to a stay upon mere request. The order of the district court refusing to vacate the stay is reversed, and the said stay is hereby set aside and vacated.

JUDGMENT ACCORDINGLY.